HODGSON (PAYEN v.). See Case No. 10,-853.

HODGSON (REID v.). See Case No. 11,667.

## Case No. 6,570.

HODGSON v. TURNER.

[1 Cranch, C. C. 74.] [1]

Circuit Court, District of Columbia. March Term, 1802.

FOREIGN BILL OF EXCHANGE—ACTION AGAINST INDORSER—PROTEST—JUDGMENT AGAINST DRAWER—WHETHER A BAR.

1. In an action against the indorser of a foreign bill of exchange, for non-payment, it is not necessary to produce a protest for non-acceptance.

2. A judgment and execution by the plaintiff, against the drawer of a bill, is no bar to a

[1] [Reported by Hon. William Cranch, Chief Judge.]

judgment against the indorser, although that execution be levied on the drawer's goods, which are not sold for want of buyers.

The defendant was indorser of a foreign bill of exchange, protested for non-payment as well as for non-acceptance.

Mr. Gantt, for defendant, prayed the court to instruct the jury that it was necessary for the plaintiff to prove that the defendant had reasonable notice of the protest for non-acceptance; and cited Kyd, Bills, 109, 117–119, 137; Milford v. Mayor, 1 Doug. 55; Bull. N. P. 271; Rogers v. Stephens, 2 Term R. 713; Goodall v. Dolley, 1 Term R. 712; Burrows, 2,670; and the case of Oates & Co. v. McCurdy. in the general court of Maryland.

Mr. Mason, for plaintiff, cited Brown v. Barry, 3 Dall. [3 U. S.] 365, and Clerk v. Russel, Id. 420, 424.

THE COURT, on the authority of Brown v. Barry and Clarke v. Russel [supra], refused to give the instruction as prayed.

Mr. Gantt, for defendant, then produced a fieri facias, issued last term and returnable to this, on a judgment obtained by the plaintiff against Bowie, the drawer of this bill; on which execution he stated the marshal had seized the goods of Bowie, but that they were not sold for want of buyers; and prayed the court to instruct the jury that this execution so levied, was a discharge of the indorser. Seld. Prac. 564.

THE COURT refused to give the instruction.